## SEARS, ROEBUCK & CO. v. McGUIRE, et al.

No. 63-2669-F.

Small Claims Court, Broward County.

April 28, 1964.

John J. Rooney, Fort Lauderdale, for plaintiff.

Hugh S. Glickstein, Fort Lauderdale, for defendants McGuire and Neckles.

Kenneth G. Stevens, Fort Lauderdale, for the sheriff.

MILDRED S. AKERMAN, Judge.

This cause came on to be heard on the motion to quash writ of replevin and return thereon in a special appearance herein by Theodore G. Neckles, one of the defendants.

The court has heard the sworn testimony of the witnesses and parties, and argument of counsel.

It appears that on July 29, 1963 the plaintiff filed an action of replevin to recover possession of a refrigerator "sold under retained title conditional sales", payment for which by the alleged purchaser, Edward J. McGuire, was allegedly overdue. Plaintiff sought a judgment for possession or the value thereof.

A writ of replevin and summons were issued on August 2, 1963 to Edward J. McGuire and Theodore G. Neckles. Returns on the summons were made, unexecuted, on August 5, 1963, for the reason that the defendants could not be found in the county. A return on the writ of replevin was made on August 6, 1963 by

Edward Jorgensen, deputy sheriff, reflecting execution on the writ by "taking into custody" the said refrigerator.

The defendant Neckles, as stated above, then filed his motion to quash the writ of replevin and return thereon, contending, inter alia, that the writ and return were void because of non-compliance by the plaintiff and the sheriff with the provisions of §78.10, Florida Statutes. Neckles specially appeared before the court on September 10, 1963, with counsel, for argument on his motion.

It further appears that Neckles purchased the premises, a residence, from which the refrigerator was removed by the deputy sheriff, at a public sale conducted by the clerk of the circuit court, and that the refrigerator was located on the premises at the time he took possession, and that the deputy sheriff, unaccompanied, on the morning of August 6th, attempted to serve the summons and writ by ringing the front doorbell of the Neckles residence three times, and receiving no response, and without further effort to locate the defendant, went to the rear of the house, entered a closed door, and removed the refrigerator from the premises and caused it to be hauled away by a moving van.

The court makes the following findings —

That the writ and return should be quashed because of non-compliance by the sheriff with the provisions of §78.10.

That the writ and return are void because the property described therein was located on August 6, 1963 within the dwelling of the defendant Theodore G. Neckles, and Carol A. Neckles, his wife, but was neither secreted nor concealed therein, that the property was being used in a normal manner by the occupants of the premises, further that it was apparent to the deputy sheriff who executed the writ that the dwelling was occupied at the time of the attempted service.

That from the sworn testimony of the plaintiff's agent and the deputy sheriff the plaintiff at no time made a timely demand upon the defendant Neckles for peaceful surrender of the refrigerator. Neckles never refused to surrender the refrigerator after demand by the plaintiff, nor was his conduct such as to lead the plaintiff to believe that he would refuse to surrender it if demand was made (28 Fla. Jur., Replevin §17). Although the plaintiff knew that Neckles and his wife were residing in the premises, the deputy sheriff failed to make public demand for the property, as required by provisions of §78.10.

That the writ and return should be quashed in that the writ was executed on the date set forth in the return, August 6th, by the unlawful breaking and entering of said dwelling by the said deputy sheriff, that the refrigerator was removed pursuant to the deputy's instructions, and that the writ of replevin was served by the deputy placing same on the dining room table of the Neckles residence.

That the writ and return were executed unlawfully by entry without first making public demand into the home owned by Theodore G. Neckles and Carol A. Neckles, his wife, by the deputy notwithstanding the fact that Carol A. Neckles was not a party to these proceedings.

It is therefore ordered that the writ of replevin issued in this cause and the return thereon by the sheriff of Broward County, no. 20744, are quashed and held for naught.